# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| NORMAN LEE TOLER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:05-CV-0082-JCH |
| TIM LEOPOLD, TOMMY BARNHART, JIM MOORE, JOE TIFFANY, DEBRA KELLY, WILLIAM STANGE, NORTHEAST CORRECTIONAL CENTER, MISSOURI DEPARTMENT OF CORRECTIONS and PATRICIA CORNELL, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Norman Lee Toler (registration no. 1108933) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $12.00 and an average monthly account balance of $.97. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $2.40 which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

## The complaint

Plaintiff, an inmate at the Northeast Correctional Center ("NECC") seeks monetary, declaratory and injunctive relief in this action brought pursuant to the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, *et seq.* ("RLUIPA"); the Religious Freedom Restoration Act of 1993, 42 U.S.C. § 2000bb, *et seq.* ("RFRA")[1]; and 42 U.S.C. § 1983. Named as defendants in this cause of action are Tim Leopold (food service manager); Tommy Barnhart (chaplain); Jim Moore (superintendent); Joe Tiffany (assistant superintendent); Debra Kelly (classification caseworker); William Stange (functional unit manager); Northeast Correctional Center; Missouri Department of Corrections ("MDOC"); and Patricia Cornell (assistant director of the division of adult institutions).

Plaintiff alleges that defendants fail and refuse to provide him with a kosher diet. Plaintiff alleges that defendants deliberately and knowingly have imposed a substantial burden upon his ability freely to exercise his religion. Plaintiff further alleges that defendant Barnhart, NECC chaplain, makes quarterly purchases of religious materials using inmate canteen funds but refuses to allow plaintiff to purchase any kosher foods, utensils or supplies. Plaintiff states that, as a result of defendants' conduct, he suffers from, *inter alia,* extreme malnutrition, weight loss, migraines and extreme anxiety.

## Discussion

---

[1] The Court notes that the Supreme Court, in *City of Boerne v. Flores*, 521 U.S. 507, 117 S.Ct. 2157 (1997) ruled that Congress, in enacting RFRA, exceeded its power under the Fourteenth Amendment, § 5; therefore, the Court declared RFRA unconstitutional in its application to the states. *Boerne*, 521 U.S. at 535-36, 117 S.Ct. at 2172; *Florida Prepaid Postsecondary Education Expense Board v. College Savings Bank*, 527 U.S. 627, 119 S.Ct. 2199 (1999). Accordingly, RFRA is inapplicable to plaintiff's claims, and the Court will consider plaintiff's claims under RLUIPA and 42 U.S.C. § 1983 only.

Plaintiff's claims against defendants Leopold, Barnhart, Moore, Tiffany, Kelly, Stange and Cornell survive review under § 1915(e)(2)(B) and should not be dismissed as this time. Therefore, the Court will order that said defendants reply to the complaint.

Plaintiff's claims against defendants MDOC and NECC are legally frivolous or fail to state a claim upon which relief may be granted, or both, because neither MDOC nor NECC is a suable entity. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999) (en banc), *cert. dismissed*, 529 U.S. 1001 (2000); *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057 (1978) (holding that a federal court's injunction against the Alabama Board of Corrections was unconstitutional)). Therefore, plaintiff's claims against defendants MDOC and NECC must be dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 1] be **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $2.40 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prisoner registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, if plaintiff fails to pay the initial partial filing fee within thirty (30) days, without good cause shown, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process

to issue upon the complaint as to defendants Missouri Department of Corrections and Northeast Correctional Center, because the claims against these defendants are legally frivolous or fail to state a claim upon which relief may be granted, or both. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, as to defendants Tim Leopold, Tommy Barnhart, Jim Moore , Joe Tiffany, Debra Kelly, William Stange, and Patricia Cornell, the Clerk shall issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that defendants Tim Leopold, Tommy Barnhart, Jim Moore , Joe Tiffany, Debra Kelly, William Stange, and Patricia Cornell shall respond to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

An appropriate order shall accompany this order and memorandum.

Dated this 12th day of January, 2006.

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**