UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| NORMAN LEE TOLER,               ) | |
|                                 ) | |
|     Plaintiff,                  ) | |
|                                 ) | |
| v.                              ) | No. 2:05-CV-0082-JCH |
|                                 ) | |
| TIM LEOPOLD, TOMMY BARNHART,    ) | |
| JIM MOORE, JOE TIFFANY,         ) | |
| DEBRA KELLY, WILLIAM STANGE,    ) | |
| NORTHEAST CORRECTIONAL CENTER,  ) | |
| MISSOURI DEPARTMENT OF          ) | |
| CORRECTIONS and PATRICIA CORNELL, ) | |
|                                 ) | |
|     Defendants.                 ) | |

**ORDER AND MEMORANDUM**

This matter is plaintiff's motion for reconsideration [Doc. 11]. Plaintiff moves the Court to reconsider its grant of dismissal as to defendants Missouri Department of Corrections (MDOC) and Northeast Correctional Center (NECC), asserting that said entities are suable under the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc, *et seq.* (RLUIPA).

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir.), *as amended,* 835 F.2d 710 (7th Cir.1987). Motions to reconsider cannot be employed to tender new legal theories that could have been raised in the original motion. *Rothwell Cotton*, 827 F.2d at 251 (citation omitted).

Upon reconsideration, the Court finds that MDOC is a proper defendant under

RLUIPA and should have been dismissed as to plaintiff's claims under § 1983 only. Congress has a limited power to abrogate Eleventh Amendment immunity. *See Fitzpatrick v. Bitzer,* 427 U.S. 445, 456, 96 S.Ct. 2666 (1976). Congress has required states to waive their sovereign immunity from suits filed by prisoners to enforce RLUIPA. 42 U.S.C. § 2000cc-2(a); *see Murphy v. Missouri Dept. of Corrections,* 372 F.3d 979, 986-87 (8th Cir. 2004).

However, plaintiff's claim against NECC fails because NECC is not a suable entity, but a building or facility with no separate legal identity. *See, e. g., Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail not a legal entity subject to suit). Accordingly, the Court will revise its Order of January 12, 2006, and dismiss NECC only; MDOC is reinstated as a defendant in this suit.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration [Doc. 11] be **GRANTED**, in part, and **DENIED**, in part, as set forth above.

**IT IS FURTHER ORDERED** that MDOC is reinstated as a defendant in this suit as to plaintiff's RLUIPA claims only.

Dated this 21st day of February, 2006.

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**