UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| NORMAN LEE TOLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:05CV0082 JCH |
| | ) | |
| TIM LEOPOLD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Missouri Department of Corrections' Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed September 5, 2007. (Doc. No. 76). The matter is fully briefed and ready for disposition.

By way of background, Plaintiff filed his Complaint in this matter on December 30, 2005. (Doc. No. 3-1). In his Complaint, Plaintiff alleges that Defendants, including the Missouri Department of Corrections ("MDOC") and certain MDOC officials, violated the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.* (2006), and Plaintiff's First Amendment right to the free exercise of his religion, by refusing to provide him with a kosher diet during his incarceration. Plaintiff seeks declaratory relief, stating Defendants have violated his rights under RLUIPA and the Constitution, injunctive relief requiring Defendants to provide Plaintiff with a kosher diet, and compensatory and punitive damages. (Id., P. 13).

In an Order entered August 2, 2007, this Court held that RLUIPA does not require states to waive their sovereign immunity from suits for monetary damages. (See Doc. No. 68, P. 9). The

Court therefore granted the individual Defendants' Motion for Summary Judgment on Plaintiff's RLUIPA claims for monetary damages against them in their official capacities. (Id.).[1]

In the instant motion, Defendant MDOC requests that the Court dismiss Plaintiff's RLUIPA claim against it to the extent Plaintiff seeks monetary damages, because sovereign immunity bars the claim. (Defendant MDOC's Suggestions in Support of Motion to Dismiss, P. 1). The RLUIPA unambiguously conditions the receipt of federal prison funds on a State's consent to suit. Madison v. Virginia, 474 F.3d 118, 131 (4th Cir. 2006). Further, the Act specifically provides that, "[a] person may assert a violation of this chapter as a claim or defense in a judicial proceeding and obtain appropriate relief against a government." 42 U.S.C. § 2000cc-2(a). "A state's waiver of sovereign immunity from suit, however, does not necessarily waive its immunity from monetary damages." Limbaugh v. Thompson, 2006 WL 2642388 at *6 (M.D. Ala. Sep. 14, 2006). Rather, "[a] waiver of a state's Eleventh Amendment immunity will be found only where stated by the most express language or by such overwhelming implications from the [statutory] text as [will] leave no room for any other reasonable construction." Id. (internal quotations and citations omitted). "Therefore, absent an express waiver, the Eleventh Amendment bars a damages action against a State in federal court." Id. (citation omitted).

Upon consideration, the Court finds, "RLUIPA's 'appropriate relief against a government' language falls short of the unequivocal textual expression necessary to waive State immunity from suits for damages." Madison, 474 F.3d at 131 (citation omitted). Further, the State of Missouri has not expressly waived its sovereign immunity to RLUIPA claims for monetary relief. Consequently, to the extent Plaintiff seeks monetary relief against MDOC, his claim is barred by the Eleventh

---

[1] MDOC did not join in the individual Defendants' Motion for Summary Judgment.

Amendment and must be dismissed. See Limbaugh, 2006 WL 2642388 at *6. See also Boles v. Neet, 402 F.Supp.2d 1237, 1241 (D. Colo. 2005) ("appropriate relief" under RLUIPA limited to injunctive and/or declaratory relief against state governmental entity or official sued in official capacity); Agrawal v. Briley, 2006 WL 3523750 at *9 (N.D. Ill. Dec. 6, 2006) (monetary damages unavailable under RLUIPA against individual defendants sued in official capacities); Daker v. Ferrero, 2006 WL 346440 at *8 n. 5 (N.D. Ga. Feb. 13, 2006) (same); James v. Price, 2005 WL 483443 at *2 (N.D. Tex. Mar. 2, 2005) (same).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Missouri Department of Corrections' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 76) is **GRANTED**, and Plaintiff's RLUIPA claim for monetary damages against MDOC is dismissed with prejudice.

Dated this 1st day of October, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE